| | |
|---|---|
| 1 | PETER B. MARETZ, SBN 144826 |
| | pmaretz@stokeswagner.com |
| 2 | CHRISTINA J. TANTOY, SBN 308237 |
| | ctantoy@stokeswagner.com |
| 3 | OMAR V. HERNANDEZ, SBN 340089 |
| | ohernandez@stokeswagner.com |
| 4 | STOKES WAGNER ALC |
| | 401 W. A Street, Suite 2235 |
| 5 | San Diego, CA 92101 |
| | Telephone: (619) 232-4261 |
| 6 | Facsimile: (619) 232-4840 |
| 7 | |
| | Attorneys for Defendant |
| 8 | EVENT TICKETS CENTER, INC. |

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTINA HERNANDEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EVENT TICKETS CENTER, INC.,<br><br>Defendant. | Case No. 2:24-cv-01983-DAD-AC<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(3) AND 12 (b)(6).**<br><br>Date: November 19, 2024<br>Time: 1:30 p.m.<br>Judge: Hon. Dale A. Drozd<br>Court: 4 |

Pursuant to Federal Rules of Civil Procedure 12 (b)(3) and 12(b)(6), Defendant EVENT TICKETS CENTER, INC., ("Defendant") respectfully moves this Court to dismiss Plaintiff, KRISTINA HERNANDEZ'S ("Plaintiff" or "Hernandez") Complaint because this Court lacks jurisdiction to hear this case due to another case pending in the Northern District containing substantially similar claims and parties, and because Plaintiff fails to state a claim upon which relief can be granted due to a prior duplicative action alleging nearly identical causes of action.

## I. INTRODUCTION

Hernandez filed her Complaint on July 19, 2024, in the United States District Court Eastern District of California against Defendant alleging various causes of action, including claims for **Violation of California's False Advertising Law, Violation of California's Consumer Legal Remedies Act, Unfair Competition Law, and Quasi-Contract.** Ten days prior to Plaintiff filing her Complaint against Defendant, an individual, Mikhail Gershzon ("Gershzon"), filed a separate Complaint against Defendant for nearly identical causes of action, and substantially similar claims with respect to Defendant's advertising practices for their online ticket sales and pricing of those online tickets.

Defendant files this Motion to Dismiss on the grounds of the long-recognized "first-to-file" rule in efforts to curb multiple plaintiffs from filing substantially similar lawsuits against the same Defendant and Defendant having to Defend multiple cases in different courts. While it is true Gershzon focuses beyond issues concerning the imposition of fees, which is the primary focus of Hernandez, it nevertheless does make claims concerning fees, and any relief sought in Hernandez could be obtained in Gershzon as the Gershzon Complaint is currently framed. Because of the substantial similarity in Hernandez and Gershzon's claims, and to avoid running the risk of judicial competition and conflicting rulings in cases, Hernandez's Complaint (which was filed after Gershzon's Complaint) should be dismissed in its entirety, or alternatively, stayed pending the resolution of the *Gershzon* matter.

/ / /

/ / /

2

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(B)(3) AND 12(B)(6).**

## II. RELEVANT FACTS

### A. *Gershzon* Action

Mikhail Gershzon is a citizen of California and a resident of the city of San Francisco who has a pending putative consumer class action against Defendant alleging various causes of action relating to consumer protection laws. Gershzon's Complaint contains a nationwide putative class and a putative subclass of California consumers. (Request For Judicial Notice "RJN"; Exhibit B; *Gershzon* Complaint ¶ 47.)

Gershzon purchased tickets to a concert on Defendant's website on April 2, 2023. On July 9, 2024, ten days prior to Plaintiff filing her Complaint against Defendant. Gershzon's Complaint, filed in the Northern District of California, Case No. 3:24-cv-04142-AGT, alleges various causes of action including **Violation of Consumers Legal Remedies Act, Violation of Unfair Competition Law, Violation of False Advertising Law, Violation of the Ticket Resale Law, Breach of Warranty, and Unjust Enrichment.** (RJN: Ex. B; *Gershzon* Complaint)

On September 30, 2024, Defendant filed its Answer to the Gershzon complaint with the Northern District of California. (RJN: Ex. D)

### B. *Hernandez* Action

Plaintiff, Kristina Hernandez, is also a citizen of the State of California and a resident of the city of Citrus Heights, California located in the County of Sacramento. (RJN: Ex. A) On April 19, 2022, Hernandez purchased tickets to a concert from Defendant's website. (*Hernandez* Complaint ¶ 32.)

On July 19, 2024, Hernandez, through her counsel of record, Simon Franzini of Dovel & Luner, LLP, filed her Complaint against Defendant in the United States District Court for the Eastern District of California alleging various causes of action including **Violation of California's False Advertising Law, Violation of California's Consumer Legal Remedies Act, Unfair Competition Law, and Quasi-Contract.** (RJN: Ex. A)

On September 9, 2024, Defendant's counsel of record, Peter Maretz of Stokes Wagner, ALC, met and conferred with Hernandez's counsel, Simon Franzini, regarding this Motion to

3

Dismiss. Specifically, Defendant provided Hernandez's counsel a copy of the Gershzon Complaint to review and requested Hernandez stipulate to dismiss or stay the matter pending resolution of the Gershzon matter under the "first-to-file" rule. (Ex. C)

On September 26, 2024, Plaintiff's counsel responded stating that the two cases are different with "different claims on different facts" and they would not stipulate to dismiss or stay the *Hernandez* action. Thus, Defendant is forced with filing this Motion to Dismiss. (Ex. C)

It is Defendant's position that the Hernandez and Gershzon claims are substantially similar in nature and in fact, Gershzon's Complaint (which was filed before Hernandez's Complaint) is broader and more inclusive of the alleged putative class claims. Both Complaints allege putative class actions, and both involve substantially similar facts regarding Plaintiff's purchase of online concert tickets from Defendant's website. Because Gershzon's litigation commenced before this action, involve substantially similar facts, claims, and defenses, litigating both claims may cause substantial risk of inconsistent judgments and judicial interference between both District Courts.

### III. LEGAL AUTHORITY

The first-to-file rule requires that this matter be dismissed because Gershzon's Complaint was filed against Defendant ten days *before* Plaintiff filed this action. Gershzon filed in the Northern District of California, and Plaintiff filed in the Eastern District of California.

The first-to-file rule was developed to "serve the purpose of promoting efficiency well and should not be disregarded lightly." *Church of Scientology v. United States Dep't of the Army*, (9th Cir. 1979). 611 F.2d 738, 750. It may be invoked "<u>when a complaint involving the same parties and issues has already been filed in another district</u>." *Pacesetter Systems, Inc. v. Medtronic, Inc.,* (9th Cir. 1982). 678 F.2d 93, 95.

When the first-to-file rule is invoked, the court may exercise its discretion to stay the suit before it or may enjoin the parties from proceeding in the other suit. *Smith v. SEC* (6th Cir. 1997) 129 F. 3d 356, 361. However, Courts generally proceed under the rule that the entire action should be decided by the court in which an action was first filed, which in this case would be the *Gershzon* matter filed in the Northern District of California. *Id.*

4

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(B)(3) AND 12(B)(6).**

The first-to-file rule is a doctrine of comity, which requires that the action should be decided by the court in which the action was <u>first</u> filed. *Smith v. SEC*, 129 F.3d at 361. Courts consider three factors in determining whether to defer to another court where a similar action is pending: **chronology of the lawsuits, identity of the parties, and identity of the issues**. See, e.g., *Alltrade, Inc. v. Uniweld Products, Inc.*, (9th Cir. 1991) 946 F. 2d 622, 625. "The [first-to-file] rule does not . . . require that cases be identical. The crucial inquiry is one of 'substantial overlap.' " *Save Power Ltd. v. Syntec Finance Corp.,* (5th Cir. 1997).121 F.3d 947, 950.

## IV. ARGUMENT

In this case, it is clear all three factors are met: chronology of the lawsuits, identity of the parties, and identity of the issues which warrant dismissal of Plaintiff's Complaint, or alternatively, warrant a stay of Plaintiff's claim pending resolution in *Gershzon*.

### A. Gershzon Filed His Complaint Before Hernandez

The first factor simply requires that the case in question be filed later in time than the comparator case. *Variscite, Inc. v. City of Los Angeles* (C.D. Cal., Apr. 11, 2023, No. 2:22-CV-08685-SPG-SK) 2023 WL 3493557 (citing *Kohn Law Group. Inc.,* 787 F.3d at 1240 upholding the district court's decision of granting motion to stay in favor of Defendant because Defendant filed an interpleader action in Mississippi ten months before Plaintiff filed its Complaint against Defendant in California.) Similarly, *Gershzon* filed his Complaint against Defendant on July 9, 2024, ten days before Plaintiff filed this action on July 19, 2024. Thus, because Hernandez filed after Gershzon this first factor is satisfied and favors dismissal.

### B. Identity of Parties in Gershzon and Hernandez Are Substantially Similar

Courts in the Ninth Circuit have adopted a flexible approach in evaluating the similarity of the parties." Id. at 11 (quoting *PETA, Inc. v. Beyond the Frame, Ltd.* (C.D. Cal., Feb. 16, 2011, No. CV 10-07576 MMM SSX) 2011 WL 686158 The first-to-file rule does not require identical parties or issues, so long as the actions are substantially similar or involve substantial overlap. *PETA, Inc. v. Beyond the Frame, Ltd.* at 2. Courts have found parties to be "substantially similar" under the first-to-file rule "if they represent the same interests." *Variscite, Inc. v. City of Los Angeles* (C.D.

5

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(B)(3) AND 12(B)(6).**

Cal., Apr. 11, 2023, No. 2:22-CV-08685-SPG-SK) 2023 WL 3493557.

First, exact identity is not required to satisfy the first-to-file rule. The rule is satisfied if *some* of the parties in one matter are also in the other matter. *Variscite, Inc. v. City of Los Angeles* at 11). Defendant, Event Tickets Center, is named in both *Hernandez* and *Gershzon* matters. The inquiry will be finding substantial similarity between the individual plaintiffs *Hernandez* and *Gershzon* and recognizing that both represent substantially similar interests.

Here, Gershzon purports to represent the interests of the Nationwide Class as follows:

> "***All residents of the United States who, within the applicable statutes of limitation periods, made a purchase from Defendant's websites for purposes other than resale.***"

Gershzon purports to represent the interest of the putative California Subclass defined as follows:

> "***All residents of California, who, within four years prior to the filing of this Complaint, made a purchase from Defendant's websites for purposes other than resale.***"

Similarly, Hernandez purports to represent the interest of the putative class defined as follows:

> "***All persons who, while in the state of California and within the applicable statute of limitations and before March 1, 2024, purchased tickets from*** www.eventticketscenter.com ***(the "Class").***"

Gershzon filed his Complaint on July 9, 2024, and the putative class period runs from July 9, 2020, to July 9, 2024. Hernandez was a resident of the state of California between July 9, 2020, and July 9, 2024. She purchased her concert tickets, while in California, from Defendant's website on April 9, 2022, which falls *within* the class period of *Gershzon,* making Hernandez a member of *Gershzon's* purported California subclass. Thus, both parties' purported putative classes demonstrate they both represent substantially similar interests.

6

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(B)(3) AND 12(B)(6).**

Furthermore, both Hernandez and Gershzon were consumers of Defendant's online ticket resale marketplace. Both plaintiffs were "buyers" of concert tickets alleging misrepresentations in the marketing of the tickets sold to them, and misrepresentations as to the fees and overall ticket prices. Hernandez and Gershzon both set forth allegations of misrepresentations in the marketing of online tickets, including alleged misrepresentations of ticket pricing and fees. Although Hernandez and Gershzon's identities are not identical (which is not required), based on the purported class interest they seek to represent, the nature of their claims, and the overlap of the purported class members, there is substantial similarity between *Hernandez* and *Gershzon* to satisfy this factor of the first-to-file rule. Thus, this factor weighs in favor of Defendant.

### *C. Gershzon and Hernandez Contain Substantially Similar Issues*

This factor also weighs in favor of Defendant's Motion to Dismiss. Courts have held if the two cases overlap on substantive issues, the cases would be required to be consolidated in the jurisdiction first seized of the issues – in this case the Northern District where the *Gershzon* action was filed. *Save Power Ltd.* 121 F.3d at 951.

*Gershzon*, the earlier filed action, alleges putative class action claims substantially similar to the *Hernandez* claims. As mentioned above, the putative class in *Gershzon* is broader than the putative class in *Hernandez*, and nearly 100% inclusive of the putative class in *Hernandez* because Hernandez herself is a member of *Gershzon's* purported putative class. *Gershzon* contains both a putative nationwide class and a California Subclass, while *Hernandez* only purports to represent a California class. Moreover, *Gershzon's* causes of action almost entirely overlap with *Hernandez*'s claims. Each of their class claims respectively are as follows:

| *Gershzon* Claims | *Hernandez* Claims |
|---|---|
| Violation of California's Consumer Legal Remedies Act (Cal. Civ. Code §§ 1750, *et seq.*) (*Gershzon* Complaint – Pg. 11) | Violation of California's Consumer Legal Remedies Act (Cal. Civ. Code §§ 1750, *et seq.*) (*Hernandez* Complaint – Pg. 13) |
| Violation of California's Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200, *et seq.*) (*Gershzon* Complaint – Pg. 13) | Violation of California's Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200, *et seq.*) (*Hernandez* Complaint Pg. 15) |

7

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(B)(3) AND 12(B)(6).**

| | |
|---|---|
| Violation of California's False Advertising Law Cal. (Bus. & Prof. Code §§ 17500, *et seq*) (*Gershzon* Complaint – Pg. 15) | Violation of California's False Advertising Law (Bus. & Prof. Code §§ 17500, *et seq*) (*Hernandez* Complaint – Pg. 12) |
| Violation of California's Ticket Resale Law (Bus. & Prof. Code §§ 22500, *et seq*) (*Gershzon* Complaint – Pg. 16) | Quasi-Contract (*Hernandez* Complaint – Pg. 16) |
| Breach of Warranty (*Gershzon* Complaint – Pg. 17) | |
| Unjust Enrichment | |

While the issues differ slightly, there are still substantial similarities between *Gershzon* and *Hernandez*. Hernandez focuses her complaint specifically on the ticket prices and alleged undisclosed fees which were applied at the end of the transaction. (*Hernandez* Complaint ¶ 34) Defendant denies the fees were undisclosed, and the facts pled in Hernandez's Complaint undermine such allegations by pleading that the fees were in fact disclosed during the ticket selection process – Pg. 27 of Hernandez's Complaint shows the Estimated Subtotal of the two tickets (2 x $414/ea) and directly below a statement in *italics* reading "(*Not including fees*)" (*Hernandez* Complaint ¶ 26).

Similarly, Gershzon alleges that "Defendant charges consumers *hefty premium prices* for tickets*." (Gershzon* Complaint ¶ 4) Gershzon claims the full price of the ticket was mispresented to him, and this misrepresentation was something he "relied upon in making his decision to purchase the tickets" and stating that he "would not have bought from Defendant if he had known the truth." *(Gershzon* Complaint ¶ 17) While Gershzon does not explicitly describe this "truth," the inference based on the allegations is that Gershzon refers to the full disclosed price, including fees, and the representation of low inventory for the purchased tickets. Gershzon goes on to allege that the "tickets are sold at a *premium price* compared to other similar tickets represented in a non-misleading way and are sold at a price that is higher than the price of the tickets would have been if they were represented in a non-misleading way." *(Gershzon* Complaint ¶ 38) What Gershzon is asserting here are claims of misrepresentation as to the total price of the purchased tickets, including fees, which Gershzon claims were not disclosed until the "point of purchase of the tickets." (*Gershzon* Complaint ¶ 6)

8

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(B)(3) AND 12(B)(6).**

Hernandez alleges that Defendant only advertised "part of the products total price to lure consumers" and "manipulate users into making choices they would not otherwise have made." (*Hernandez* Complaint ¶ 12) Hernandez further alleges companies advertise a ticket based on a low price, but the "consumer ends up paying more because of junk fees that are tacked on the end" – essentially paying a "premium" price, as Gershzon characterizes it. (*Hernandez* Complaint ¶ 13)

As such, the facts support a dismissal or stay of the *Hernandez* action pending resolution of *Gershzon* because: 1) Gershzon filed his Complaint before Hernandez, 2) Gershzon and Hernandez purport to represent substantially similar interests through the same putative classes of individuals and thus have substantially similar identities, and 3) both *Gershzon* and *Hernandez* contain the same substantive causes of action which substantially overlap regarding "undisclosed" or "hidden" fees as they relate to Defendant's advertising efforts and final purchase price of the tickets.

## V. CONCLUSION

For the reasons explained above, Defendant respectfully ask this Court to dismiss Plaintiff's Complaint against Defendant, or alternatively, stay Plaintiff's action pending resolution of the *Gershzon* matter.

Date: October 11, 2024

STOKES WAGNER, ALC

By: _____
PETER B. MARETZ
CHRISTINA J. TANTOY
OMAR V. HERNANDEZ
Attorneys for Defendant EVENT TICKETS CENTER, INC.

9

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(B)(3) AND 12(B)(6).**