Simon Franzini (Cal. Bar No. 287631)
simon@dovel.com
Martin Brenner (Cal. Bar No. 333540)
martin@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: (310) 656-7069

*Attorneys for Plaintiff*

Peter B. Maretz (Cal. Bar No. 144826)
pmaretz@stokeswagner.com
Christina J. Tantoy (Cal. Bar No. 308237)
ctantoy@stokeswagner.com
Omar V. Hernandez (Cal. Bar No. 340089)
ohernandez@stokeswagner.com
STOKES WAGNER ALC
401 W. A Street, Suite 2235
San Diego CA 92101
Telephone: (619) 232-4261
Facsimile: (619) 232-4840

*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTINA HERNANDEZ, individually and on behalf of all others similarly situated,<br><br>　　*Plaintiff*,<br><br>v.<br><br>EVENT TICKETS CENTER, INC.,<br><br>　　*Defendant*. | Case No. 2:24-CV-01983-DAD-AC<br><br>**Joint Status Report**<br><br>Date: November 26, 2024<br>Time: 1:30 PM<br>Hon. Dale A. Drozd<br><br>[Zoom Telephonic Conference] |

Pursuant to Federal Rule of Civil Procedure 26(f), Local Rule 240, and this Court's Order Setting Status (Pretrial Scheduling) Conference [ECF. No. 3], Plaintiff Kristina Hernandez ("Plaintiff") and Defendant Event Tickets Center, Inc. ("Defendant," collectively "the Parties") have met and conferred and hereby submit the following Joint Scheduling Report.

**A.     Summary of Claims and Defenses.**

**Plaintiff's Position:**

Plaintiff asserts claims under California's False Advertising Law (Count I); the Consumer Legal Remedies Act (Count II); the Unfair Competition Law (Count III); and a quasi-contract claim under California's common law (Count IV) on behalf of herself and the proposed class.

In short, Plaintiff alleges that Defendant has for years used junk fees in the form of drip pricing to increase its revenues. Junk fees lure consumers into a transaction with Defendant based on lower, advertised fees. Then, just before the checkout process concludes, Defendant adds previously undisclosed fees that substantially increase the total price of the purchase. This practice deceives and harms consumers and competition, is unfair, and violates California law (as well as laws of other states and the federal FTC Act). Plaintiff purchased concert tickets online from Defendant and was charged an unlawful junk fee. Plaintiff intends to file a motion for class certification and seeks to represent a class of those who purchased tickets from Defendant while in the state of California before March 1, 2024.

**Defendant's Position:**

Defendant operates a ticket resell marketplace website called eventsticketcenter.com. Defendant provides a platform for consumers to purchase and sell tickets typically for entertainment-related events. On April 19, 2022, at 5:36 PM, Plaintiff purchased tickets to a concert from Defendant's website. At 7:49 PM that same day, Plaintiff sent an email requesting a full refund and for Defendant to cancel her order. On April 20, 2022, at 4:48 PM, Plaintiff sent another email to Defendant claiming Plaintiff did not authorize the purchase.

On April 21, 2022, Defendant responded to Plaintiff's cancellation request. Defendant's fraud prevention team reviewed the purchase and was not able to identify any indication that Plaintiff's purchase was unauthorized. Defendant restated their Final Sale policy and thus, per company policy,

was unable to refund Plaintiff for her purchase. As a courtesy, Defendant provided Plaintiff with information about how to resell her ticket.

Plaintiff again responded to Defendant stating that her "purchase was completed by a minor and was unauthorized" and threatened to move forward with a police report if Defendant did not provide a refund. Defendant responded restating their Final Sale policy per their website terms and conditions which states that their sellers do not provide order cancellations, returns or refunds, unless the sellers do not meet their respective obligations under the terms and conditions of the purchase. As mentioned above, Defendant accurately and timely provided Plaintiff with her tickets per her valid purchase on April 19, 2022.

**B.     Status of Service.**

All parties to this case have been served.

**C.     Possible Joinder of Additional Parties.**

Plaintiff does not presently intend to add any additional class representatives, but may do so as the case progresses in response to currently unforeseen developments. Plaintiff does not anticipate adding any additional defendants.

Defendant does not presently intend to add any additional parties but reserves the right to do so.

**D.     Amendments to the Pleadings.**

Plaintiff may, at the appropriate time and if appropriate based on how discovery unfolds, seek leave to file an amended complaint adding additional proposed class representatives as named Plaintiffs.

**E.     Basis for Jurisdiction and Venue.**

**Plaintiff's Position:**

The Complaint alleges that the Court has subject matter jurisdiction over this dispute under CAFA (28 U.S.C. § 1332(d)(2)) because the amount in controversy exceeds $5,000,000 and the matter is a class action in which one or more members of the proposed class are citizens of a state different from Defendant.

The Court has personal jurisdiction over Defendant because it does business in California. It advertises and sells event tickets in California, and serves a market for its event tickets in California. Defendant markets and sells event tickets to customers in California and harms customers in California. Plaintiff purchased a ticket on Defendant's website and paid illegal junk fees while in California.

Venue is proper under U.S.C. § 1391(b)(2) because a substantial part of Defendant's conduct giving rise to the claims occurred in this District, including selling event tickets to Plaintiff.

**Defendant's Position:**

Defendant does not dispute subject matter jurisdiction. However, Defendant disputes that this Court has personal jurisdiction over Defendant due to Defendant's lack of contacts with the forum state.

**F.     Discovery.**

  i.     Changes to Rule 26

The Parties do not propose changes to the timing, form, or requirement of disclosures under Rule 26(a). The Parties' proposed case schedule through class certification, including timing as to Rule 26(a) disclosures, is provided below in section P.

  ii.     Scope and phasing of discovery

Plaintiff anticipates conducting fact discovery on, among other topics, Defendant's price representations, Defendant's fees, Defendant's sales to putative class members, Defendant's financials, Plaintiff's purchase from Defendant, and damages suffered by Plaintiff and members of the putative class. Because discovery on class certification issues often touch on merits issues, Plaintiff does not believe fact discovery should be bifurcated or phased. The Parties' proposed case schedule through class certification, including relevant discovery cutoffs, is provided below in section P.

Defendant asserts discovery should be bifurcated because Defendant contends Plaintiff does not have viable individual claims.

If Defendant's motion to dismiss is not granted, the parties further anticipate standard discovery including written discovery, document production, third party subpoena, depositions, and expert discovery.

The parties are not yet certain how many depositions of fact witnesses will be requested.

       iii.       Changes to Civil Rules for Discovery and Discovery Limitations

The Parties do not propose changes to the limitations on discovery imposed under the Civil Rules. The Parties will meet and confer regarding whether a Protective Order is appropriate in this case.

       iv.       Disclosure of Expert Witnesses

The Parties' proposed case schedule through class certification, including relevant deadlines for disclosure of expert witnesses, is provided below in section P.

       v.       Proposed Discovery Cutoff Dates

The Parties' proposed case schedule through class certification, including relevant discovery cutoff dates, is provided below in section P.

**G.    Dispositive Motions.**

Plaintiff anticipates filing a motion for class certification.

On October 11, 2024, Defendant filed a motion to dismiss under Rules 12(b)(3) and 12(b)(6) of the Federal Rules of Civil Procedure [ECF No. 10]. By the Parties' agreement and the Court's October 17, 2024 minute order [ECF No. 12], Plaintiff filed her opposition to the motion on November 8, 2024, and Defendant will file its reply no later than November 25, 2024. The motion is not currently set for hearing.

The Parties may also file discovery motions, motions for summary judgment, motions *in limine*, and other pre-trial motions as appropriate or necessary depending on the progression of this litigation.

The Parties' proposed case schedule through class certification, including motion deadlines, is included below in section P.

**H.    Avoiding Unnecessary Proof and Cumulative Evidence.**

The Parties are not aware of any methods that can be employed presently to avoid unnecessary proof and cumulative evidence, but will attempt to proceed through discovery efficiently.

The Parties do not anticipate limitations or restrictions on the use of testimony under Rule 702 of the Federal Rules of Evidence.

Joint Status Report       4

I.   **Proposed Final Pretrial Conference Date.**

The Parties' proposed case schedule through class certification is provided below in section P. The Parties propose that a final pretrial conference be scheduled after the Court's order on Plaintiff's motion for class certification.

J.   **Proposed Trial Date.**

The Parties' proposed case schedule through class certification is provided below in section P. The Parties propose that a trial date be set after the Court's order on Plaintiff's motion for class certification. Plaintiff seeks a jury trial. Plaintiff anticipates that trial would take 5 court days.

Defendant also requests a jury trial and anticipates trial will take 5-7 court days.

K.   **Special Procedures.**

The Parties do not seek any special procedures. The Parties DO NOT consent to have a United States Magistrate Judge conduct all further proceedings in this case.

L.   **Proposed Modification of Pretrial Procedure.**

The Parties do not propose any modifications to standard pretrial procedures at this time.

M.   **Related Matters.**

The Parties are not aware of any related case pending in this district.

However, Defendant asserts that there is a related case filed in the Northern District of California which predates this matter and is the basis of Defendant's 12(b)(3) and 12(b)(6) Motion: *Gershzon v. Event Ticket Center, Inc.*, Case No. 3:24-cv-4142. Plaintiff's position is that this case and the *Gershzon* case are not related, as elaborated on in Plaintiff's opposition to Defendant's 12(b)(3) and 12(b)(6) motion.

N.   **Settlement Discussions.**

The Parties are open to exploring early resolution of the case, but believe that settlement discussions and alternative dispute resolution will be more productive after this case advances procedurally.

O.   **Other Matters.**

The Parties have no other matters to raise at this time.

**P.     Proposed Case Schedule.**

**Plaintiff's Proposed Schedule**

| Scheduled Event | Proposed Dates |
|---|---|
| Deadline to Exchange Initial Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1) | November 19, 2024 |
| Deadline to file a motion to amend the pleadings or add parties | January 31, 2025 |
| Deadline for Close of Fact Discovery on issues related to Class Certification | April 18, 2025 |
| Expert reports on class certification issues on which party has burden | May 4, 2025 |
| Rebuttal expert reports on class certification issues | June 6, 2025 |
| Close of expert discovery for issues related to class certification | June 20, 2025 |
| Deadline to File Motion for Class Certification | June 27, 2025 |
| Deadline to File Class Certification Opposition and any *Daubert* motions. | July 25, 2025 |
| Deadline to File Class Certification Reply and Oppositions to any *Daubert* motions. | August 22, 2025 |
| Deadline to File Reply in Support of any *Daubert* motions | September 5, 2025 |

**Defendant's Proposed Schedule**

| Scheduled Event | Proposed Dates |
|---|---|
| Deadline to Exchange Initial Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1) | November 19, 2024 |
| Deadline to file a motion to amend the pleadings or add parties | January 31, 2025 |
| Deadline for Close of Fact Discovery on issues related to Class Certification | July 11, 2025 |
| Expert reports on class certification issues on which party has burden | August 8, 2025 |
| Rebuttal expert reports on class certification issues | August 29, 2025 |
| Close of expert discovery for issues related to class certification | September 5, 2025 |
| Deadline to File Motion for Class Certification | September 12, 2025 |
| Deadline to File Class Certification Opposition and any *Daubert* motions. | October 17, 2025 |
| Deadline to File Class Certification Reply and Oppositions to any *Daubert* motions. | November 7, 2025 |
| Deadline to File Reply in Support of any *Daubert* motions | December 5, 2025 |

The Parties propose that deadlines for the close of merits fact discovery, dispositive motions, pretrial conference, merits expert discovery, and trial be set following the Court's decision on class certification.

| | | |
|---|---|---|
| 1 | Dated: November 12, 2024 | Respectfully submitted, |
| 2 | | By: /s/ *Martin Brenner* |
| 3 | | Simon Franzini (Cal. Bar No. 287631) |
| | | simon@dovel.com |
| 4 | | Martin Brenner (Cal. Bar No. 333540) |
| | | martin@dovel.com |
| 5 | | DOVEL & LUNER, LLP |
| | | 201 Santa Monica Blvd., Suite 600 |
| 6 | | Santa Monica, California 90401 |
| 7 | | Telephone: (310) 656-7066 |
| | | Facsimile: (310) 656-7069 |
| 8 | | *Attorneys for Plaintiff* |

By: /s/ *Omar V. Hernandez*
Peter B. Maretz (Cal. Bar No. 144826)
pmaretz@stokeswagner.com
Christina J. Tantoy (Cal. Bar No. 308237)
ctantoy@stokeswagner.com
Omar V. Hernandez (Cal. Bar No. 340089)
ohernandez@stokeswagner.com
STOKES WAGNER ALC
401 W. A Street, Suite 2235
San Diego CA 92101
Telephone: (619) 232-4261
Facsimile: (619) 232-4840

*Attorneys for Defendant*

Joint Status Report                              8