1  Simon Franzini (Cal. Bar No. 287631)
   simon@dovel.com
2  Martin Brenner (Cal. Bar No. 333540)
   martin@dovel.com
3  DOVEL & LUNER, LLP
4  201 Santa Monica Blvd., Suite 600
   Santa Monica, California 90401
5  Telephone: (310) 656-7066
   Facsimile: (310) 656-7069
6

7  *Attorneys for Plaintiff*

8

9  UNITED STATES DISTRICT COURT
   EASTERN DISTRICT OF CALIFORNIA
10

11 | KRISTINA HERNANDEZ, individually | Case No. 2:24-CV-01983-DAD-AC |
12 | and on behalf of all others similarly situated, | |
13 |  | **Plaintiff's Notice of Motion and Motion for Leave to Amend Complaint** |
14 | *Plaintiff*, | |
15 | v. | *[Declaration of Martin Brenner filed concurrently herewith]* |
16 | EVENT TICKETS CENTER, INC., | |
17 | *Defendant*. | |

**Notice of Motion**

Please take notice that on March 17, 2025, at 1:30 p.m. or as soon thereafter as this matter may be heard in Courtroom 4 of the United States District Court, Eastern District of California, Robert T. Matsui United States Courthouse, 501 I Street, Sacramento, CA 95814, the Honorable Dale A. Drozd presiding, Plaintiff Kristina Hernandez will and hereby does move this Court for leave to amend her Complaint to add an additional named plaintiff and proposed class representative.

This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, the Declaration of Martin Brenner filed concurrently and the exhibit attached thereto, the pleadings, records, and papers on file, and any other matters properly before the Court.

Plaintiff's counsel attempted to comply with the Court's meet and confer requirement. Specifically, Plaintiff's counsel emailed Defendant's counsel on January 27, January 28, January 29, and January 31, explaining Plaintiff's intent to seek leave to amend her Complaint and asking for Defendant's counsel's availability to meet and confer. On January 28, Defendant's counsel informed Plaintiff's counsel that he was conferring with his client, but did not provide availability to meet and confer. Defendant's counsel did not respond to Plaintiff's counsel's subsequent emails. Because Plaintiff's deadline to seek leave to amend her complaint is January 31, 2025, Plaintiff filed this motion. Accordingly, despite reasonable attempts to obtain Defendant's position on the motion, Plaintiff does not know whether or not this motion is opposed.

Dated: January 31, 2025

By: */s/ Martin Brenner*
Simon Franzini (Cal. Bar No. 287631)
simon@dovel.com
Martin Brenner (Cal. Bar No. 333540)
martin@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: (310) 656-7069

*Attorneys for Plaintiff*

| Plaintiff's Motion for Leave to Amend Complaint | 1 | Case No. 2:24-CV-01983-DAD-AC |

**Memorandum in Support of Plaintiff's Motion for Leave to Amend Complaint**

### I. Introduction.

Plaintiff Kristina Hernandez brings this Motion seeking leave to amend her Complaint to add an additional plaintiff and proposed class representative. This Motion is brought under Federal Rule of Civil Procedure 15(a)(2) and this Court's Scheduling Order (Dkt. 15).

### II. Background.

Plaintiff filed her complaint on July 19, 2024. Complaint (Dkt. 1) ("Compl."). Plaintiff asserts claims under California's False Advertising Law, California's Consumer Legal Remedies Act, California's Unfair Competition Law, and brings a quasi-contract claim. Compl. ¶¶ 43-86. Plaintiff alleges that Defendant Event Ticket Center violates California's consumer protection statutes and is unjustly enriched by its use of "drip pricing"—a practice where companies "advertise only part of a product's total price to lure in consumers, and do not mention other mandatory charges until late in the buying process." Compl. ¶ 1 (citation omitted).

Defendant filed a Motion to Dismiss in October 2024. (Dkt. 10). Defendant argues that Plaintiff's case should be dismissed under the "first to file" rule because another plaintiff, represented by different counsel, filed a putative class action lawsuit against Defendant in the Northern District of California alleging violations of California's consumer protection statutes. *Id*. Plaintiff filed an Opposition to Defendant's Motion to Dismiss because this case and the case in the Northern District do not involve substantially similar issues or substantially similar parties. (Dkt. 13). Defendant filed a reply in late November 2024. (Dkt. 18). The Court has not yet scheduled a date for a hearing on the Motion to Dismiss. (Dkt. 12).

On November 14, 2024, the Court entered the Scheduling Order in this case. (Dkt. 15). The Court set the deadline for any motions or stipulations requesting leave to amend the pleadings for January 31, 2025. Based on the Court's Scheduling Order, Plaintiff timely moves to amend the Complaint to add an additional plaintiff and proposed class representative, Ms. Julie Varon. The proposed First Amended Complaint is attached as Exhibit 1 to the Declaration of Martin Brenner

1  ("Brenner Decl.").[1]

2  **III.    Legal Standard.**

3  "Rule 15 of the Federal Rules of Civil Procedure governs amendments to pleadings when the deadline for amendments in the pretrial scheduling order ha[s] yet to pass at the time the motion for leave to amend was filed, as is the case here." *Bencomo v. Cnty. of Sacramento*, 2024 U.S. Dist. LEXIS 18021, at *3 (E.D. Cal. Jan. 31, 2024) (Drozd, J.). "Generally, Federal Rule of Civil Procedure 15(a) liberally allows for amendments to pleadings." *Id.* (quoting *Coleman v. Quaker Oats CO.*, 232 F.3d 1271, 1294 (9th Cir. 2000)). Under Rule 15(a)(2), the "Court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "[C]ourts apply Rule 15(a) with 'extreme liberality.'" *Bencomo*, 2024 U.S. Dist. LEXIS 18021, at *3 (quoting *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003)). "[T]here exists a presumption under Rule 15(a) in favor of granting leave to amend." *Id.* at *4 (quoting *Eminence Cap.*, 316 F.3d at 1052).

Due to the presumption in favor of amendment, leave to amend should be granted "[a]bsent prejudice" to the defendant "or a strong showing of any of the remaining *Foman* factors." *Id.* The *Foman* factors are: "(1) bad faith on the part of the movant; (2) undue delay or dilatory motive on the part of the movant; (3) repeated failure on the part of the movant to cure deficiencies by amendments previously allowed; (4) undue prejudice to the opposing party by virtue of allowance of the amendment; and (5) futility of the amendment." *Id.* (quoting *Eminence Cap.*, 316 F.3d at 1052). "These factors are not equally weighted; the possibility of delay alone, for instance, cannot justify denial of leave to amend." *Beaver v. Tarsadia Hotels*, 2016 U.S. Dist. LEXIS 102890, at *10 (S.D. Cal. Aug. 4, 2016). When assessing the *Foman* factors, the Court should make "all inferences in favor of granting the motion." *Bencomo*, 2024 U.S. Dist. LEXIS 18021, at *4 (quoting *Griggs v. Pace. Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999)). The party opposing amendment "bears the burden of showing prejudice." *Id.* at *8 (quoting *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187

---

[1] Counsel for Plaintiff attempted to meet and confer with Defendant's counsel about a potential stipulation to allow amendment of the Complaint to add Ms. Varon on January 27, January 28, January 29, and January 31. Brenner Decl. ¶ 3. Defendant's counsel told Plaintiff's counsel that they were conferring with their client, but they did not agree to schedule a meet-and-confer call and never provided their position on Plaintiff's motion. *Id*.

(9th Cir. 1987)).

### IV. Plaintiff should be permitted to amend her Complaint.

Here, Plaintiff seeks leave to amend her Complaint to add an additional plaintiff and proposed class representative, Ms. Julie Varon.[2] Ms. Varon, like Plaintiff Hernandez and other members of the proposed class, was charged unlawful hidden fees when she purchased concert tickets from Defendant's website. *See* Brenner Decl., Ex. 1, at ¶¶ 37-41. Along with Ms. Hernandez, Ms. Varon seeks to represent the proposed class as a class representative. *Id.* ¶ 42.

Each of the *Foman* factors favor allowing Plaintiff to amend her Complaint.

<u>Bad Faith</u>: There is no bad faith. Plaintiff is timely seeking leave to amend her Complaint. Ms. Varon wishes to be added to the Complaint and serve as a proposed class representative because she, like other members of the proposed class, was charged hidden fees.

<u>Undue delay or dilatory motive</u>: There has been no undue delay, and allowing the amendment will not cause any delay. Plaintiff brings this Motion within the deadline to move to amend the Complaint set by this Court in the Scheduling Order. *See* Dkt. 15.

Nor will allowing amendment to add Ms. Varon introduce any delay. Fact discovery is still in its early stages and the fact discovery cutoff is not until August 14, 2025. (Dkt. 15). So adding Ms. Varon to the case will not require extending any discovery deadlines. While the Parties have fully briefed Defendant's Motion to Dismiss, Ms. Varon's addition to the case will not moot or otherwise affect Defendant's Motion in any way, so there will be no delay caused by re-briefing the Motion to Dismiss either. *See* below.

<u>Failure to cure deficiencies despite prior amendments</u>: This is the first time Plaintiff would be amending the Complaint, and Plaintiff is not amending to cure any deficiencies but instead is amending to add an additional named plaintiff.

<u>Undue prejudice</u>: Allowing the amendment will not unduly prejudice Defendant. Ms. Varon

---

[2] Plaintiff also seeks to amend her allegations relating to the Consumer Legal Remedies Act's notice requirement. When Plaintiff filed her original Complaint, 30 days had not yet passed since Plaintiff had provided Defendant notice of her CLRA claim, so Plaintiff could not seek monetary damages under the CLRA. *See* Civ Code § 1782; Compl. ¶ 66. Now, 30 days have passed and Plaintiff may seek monetary relief under the CLRA. *See* Civ. Code § 1782.

will allege claims under the same causes of action, based on materially similar facts, and on behalf of the same proposed class. The amendment therefore does not significantly expand the scope of the case in any way that may prejudice Defendant. And, as discussed above, Defendant has plenty of time to conduct fact discovery specific to Ms. Varon, so Defendant faces no prejudice there either. *See* Dkt. 15 (setting fact discovery deadline for August 14, 2025).

Futility: The amendment is not futile. "An amendment is futile only if it would clearly be subject to dismissal." *Bencomo*, 2024 U.S. Dist. LEXIS, at *6 (cleaned up) (quoting *SAES Getters S.p.A. v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1086 (S.D. Cal. 2002)). "Denial of a motion to amend on this ground is rare and courts generally defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Id.* at *7 (cleaned up) (quoting *Clarke v. Upton*, 703 F. Supp. 2d 1037, 1043 (E.D. Cal. 2010)). Here, Ms. Varon asserts materially similar claims to Ms. Hernandez, neither of whom allege claims that are "clearly . . . subject to dismissal." Amendment, therefore, would not be futile.

### V. The proposed amendment would not moot Defendant's fully briefed Motion to Dismiss.

As mentioned above, allowing the Complaint to be amended to add Ms. Varon as a plaintiff and proposed class representative would not moot Defendant's pending Motion to Dismiss. "When the amended complaint is substantially identical to the original, . . . a court can rule on the motion to dismiss with reference to the amended complaint." *Baday v. Kings Cnty.*, 2022 U.S. Dist. LEXIS 190051, at *3 (E.D. Cal. Oct. 18, 2022); *Hubbard v. Google LLC*, 2024 U.S. Dist. LEXIS 93574, at *12 (N.D. Cal. May 24, 2024) ("The Court will treat Defendants' pending motion to dismiss as responsive to Plaintiffs' forthcoming pleading such that: (1) the new pleading will not moot the motion to dismiss; and (2) Defendants need not file a new motion to dismiss."). This is because, when none of the newly added allegations in an amended complaint affect the arguments in a motion to dismiss, it "would be futile to dismiss [a defendant's] motion without prejudice, only to have [the defendant] refile another motion to dismiss with effectively the same arguments." *Baday,* 2022 U.S. Dist. LEXIS 190051, at *3 (alterations in original) (citation omitted).

Defendant's Motion to Dismiss was based entirely on the "first to file" rule. *See* Dkt. 10.

Defendant's arguments did not depend in any way on the allegations specific to Plaintiff Hernandez, and so Ms. Varon's allegations to the Complaint in no way affect Defendant's "first to file" rule arguments. Accordingly, the Court should treat Defendant's pending "motion to dismiss as responsive to Plaintiff['s] forthcoming pleadings such that: (1) the new pleading will not moot the motion to dismiss; and (2) Defendant[] need not file a new motion to dismiss." *See Hubbard*, 2024 U.S. Dist. LEXIS 93574, at *12.

### VI. Conclusion.

For the reasons given above, Plaintiff's Motion for Leave to Amend Complaint should be granted.

Dated: January 31, 2025

Respectfully submitted,

By: /s/ Martin Brenner
Simon Franzini (Cal. Bar No. 287631)
simon@dovel.com
Martin Brenner (Cal. Bar No. 333540)
martin@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: (310) 656-7069

*Attorneys for Plaintiff*