Simon Franzini (Cal. Bar No. 287631)
simon@dovel.com
Martin Brenner (Cal. Bar No. 333540)
martin@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: (310) 656-7069

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTINA HERNANDEZ, individually and on behalf of all others similarly situated,<br><br>    *Plaintiff*,<br><br>v.<br><br>EVENT TICKETS CENTER, INC.,<br><br>    *Defendant*. | Case No. 2:24-CV-01983-DAD-AC<br><br>**Plaintiff's Statement re: Discovery Disagreement**<br><br>DISCOVERY MATTER<br>Magistrate Judge Allison Claire |

## I. Introduction

Plaintiff submits this Statement per Local Rule 251, Rule 37 of the Federal Rules of Civil Procedure, and Magistrate Judge Claire's standing order. The Parties have twice met and conferred through videoconference and have exchanged numerous emails regarding the issues raised in this Statement. The Parties were not able to resolve the dispute, and so Plaintiff has filed a Motion to Compel.

## II. Local Rule 251(c)(1): Details of Conferrals

Plaintiff served her first set of Interrogatories, Requests for Production of Documents, and Requests for Admission on November 19, 2024. Plaintiff served 5 Interrogatories, 26 Requests for Production of Documents, and 2 Requests for Admission. Defendant served its Responses and Objections on December 19, 2024. Defendant objected in full to every request except for one Request for Admission, which it denied.

On January 3, 2025, Plaintiff requested Defendant's availability to meet and confer regarding Defendant's objections. Because Defendant objected to some requests on the basis that the requests sought confidential or sensitive information, Plaintiff also sent Defendant a proposed stipulated protective order to govern discovery in this case and asked for Defendant to suggest any desired edits to the draft. Plaintiff followed up with a discovery dispute letter outlining Plaintiff's positions on Defendant's objections on January 7.

The Parties met and conferred on January 7 over videoconference. The Parties discussed three issues on the call: (1) Whether the Parties should request a stay pending the Court's order on Defendant's Motion to Dismiss; (2) Whether the Parties should submit a stipulated protective order; and (3) Plaintiff's requests and Defendant's objections.

On the request for a stay, Plaintiff's counsel explained that he did not believe a stay was appropriate. Plaintiff's counsel confirmed on January 15 by email that Plaintiff would not agree to stay.

On the protective order, Defendant's counsel stated that he did not think there would be any problems with the protective order, and that he expected to provide any edits from Defendant by Friday, January 10 or soon after.

Plaintiff's Statement re:
Discovery Disagreement                                   1                           Case No. 2:24-CV-01983-DAD-AC

1     On Defendant's discovery responses, Defendant's counsel explained that he would take
2 Plaintiff's positions (described in her January 7 discovery letter) back to his team and his client and
3 see whether his client would provide responses to any of the requests.

4     Plaintiff's counsel followed up on the proposed stipulated protective order and/or
5 Defendant's discovery responses by email on January 15, January 20, January 24, and January 31.
6 The Parties had another meet and confer over videoconference on February 3, 2025. Defendant's
7 counsel explained that Defendant's position was that the case should be stayed pending Defendant's
8 Motion to Dismiss and that he did not have authority from his client to resolve any discovery
9 disputes, or to agree to the proposed protective order. Plaintiff's counsel said that Plaintiff would file
10 a motion to compel.

### III.   Local Rule 251(c)(2): Nature of the Action

12     Plaintiff Kristina Hernandez filed this putative class action lawsuit on July 19, 2024. Plaintiff
13 alleges that Defendant Event Ticket Center violates California's consumer protection statutes (the
14 FAL, CLRA, and UCL) by "drip pricing"—a practice where companies "advertise only part of a
15 product's total price to lure in consumers, and do not mention other mandatory charges until late in
16 the buying process" if at all. Compl. ¶ 1. In short, Plaintiff alleges that Defendant advertises one
17 price for tickets sold on its website, but at the very end of the checkout process Defendant adds
18 previously undisclosed fees that significantly increase the price of the tickets.

19     Defendant filed a motion to dismiss on October 11, 2024. Defendant argued that the case
20 should be dismissed under the "first to file" rule because another putative class action asserting
21 claims under California's consumer protection laws was filed against Defendant in the Northern
22 District of California in early July, before Plaintiff filed her Complaint (the "*Gershzon* case").
23 Defendant argues this case and the *Gershzon* case involve substantially similar issues and
24 substantially similar parties. Plaintiff opposed the motion to dismiss and argued that this case and the
25 *Gershzon* case involve completely different issues on completely different facts, and that the parties
26 are not substantially similar. The motion is fully briefed but no hearing is scheduled.

27     The Court issued a Scheduling Order on November 14, 2024 (Dkt. 15). Relevant here, the
28 Court set the fact discovery deadline for August 14, 2025, and did not bifurcate discovery. In other

words, discovery is open on both class certification issues and merits issues.

**IV.   Discovery requests in dispute**

Because every one of Plaintiff's discovery requests is in dispute except for Plaintiff's Request for Admission Number 2, Plaintiff has attached the requests and Defendant's responses and objections as exhibits to this Statement.

<u>Exhibit A</u> – Plaintiff's Interrogatories, Set 1

<u>Exhibit B</u> – Defendant's Responses and Objections to Plaintiff's First Set of Interrogatories

<u>Exhibit C</u> – Plaintiff's Requests for Production of Documents, Set 1

<u>Exhibit D</u> – Defendant's Responses and Objections to Plaintiff's Requests for Production of Documents, Set 1

<u>Exhibit E</u> – Plaintiff's Requests for Admission, Set 1

<u>Exhibit F</u> – Defendant's Responses and Objections to Plaintiff's Requests for Admission, Set 1

**V.   Local Rule 251(d): Inability to Obtain Joint Statement**

After the Parties met and conferred the second time, Plaintiff provided Defendant her portion of a Joint Statement re: Discovery Disagreement on February 6. Plaintiff asked that Defendant provide its portion of the Joint Statement by February 12. Brenner Decl. ¶ 10.

On February 12, Defendant's counsel emailed Plaintiff's counsel and asked if Defendant could provide its portion of the Statement on February 14 instead. Plaintiff's counsel agreed. Defendant did not provide its portion of the Statement on February 14. *Id.* ¶ 11.

On February 15, Plaintiff's counsel emailed Defendant's counsel and asked for Defendant to provide its portion of the Statement by February 17 so that Plaintiff could file it with her motion to compel on February 18. *Id.* ¶ 12.

On February 17, Defendant's counsel responses and said that Defendant was still preparing its portion, but that it should be complete "soon." *Id.* ¶ 13.

On February 18, Plaintiff's counsel emailed Defendant's counsel and said that Plaintiff would file her motion and her portion of the Statement with or without Defendant's portion—as permitted under Local Rule 251(d) when a "party is unable, after a good faith effort, to secure the cooperation

1  of counsel for the opposing party in . . . preparing and executing the required joint statement."
2  Plaintiff's counsel asked for Defendant to provide its portion of the Statement by 2:00 pm on
3  February 19. *Id.* ¶ 14.
4     On February 19, Defendant's counsel emailed Plaintiff's counsel, saying that he expected to
5  have Defendant's portion of the Statement by "tomorrow [February 20] AM" and asked if Plaintiff
6  would wait to file until February 20 to include both Parties' positions in the filing. Plaintiff's counsel
7  agreed to wait until February 20 to file Plaintiff's motion and her portion of the Statement, but asked
8  that Defendant provide its portion by 2 pm on February 20. *Id.* ¶ 15.
9     Shortly after 2 pm on February 20, Plaintiff's counsel emailed Defendant's counsel
10 explaining that Plaintiff intended to file her motion without Defendant's portion of the statement at 3
11 pm. Shortly before 3 pm, Defendant's counsel responded that Defendant's portion was "almost
12 done" and that if Plaintiff filed without Defendant's portion of the statement, then Defendant would
13 file separately. Plaintiff's counsel explained that Plaintiff would prefer to submit a joint statement
14 and that Plaintiff would wait until 5:30 pm to file so that the parties could submit jointly. *Id.* ¶ 16.
15    When Defendant did not provide its portion of the joint statement by 5:30 pm on February 20,
16 Plaintiff filed her motion along with this Plaintiff's Statement Regarding Discovery Disagreement.
17 *Id.* ¶ 17.
18    **VI.   Plaintiff's Statement**
19    Defendant objected wholesale to over 30 requests based on largely boilerplate objections. It is
20 unclear to Plaintiff which, if any, of Defendant's objections Defendant is relying on for its refusal to
21 respond to these requests. Accordingly, Plaintiff attempts to address each of Defendant's objections
22 here.
23    <u>Defendant's "stay" argument.</u>
24    Although not stated in its objections to Plaintiff's discovery requests, in the Parties'
25 conferrals Defendant has stated that it believes the case should be stayed pending the District Court's
26 order on Defendant's motion to dismiss. To the extent Defendant is relying on this argument to
27 refuse to engage with Plaintiff's discovery requests, it should be rejected.
28    Defendant cannot avoid its discovery obligations by unilaterally stating that it believes the

1  case should be stayed. Defendant has not moved the Court for a stay and the Court has not issued a
2  stay. To the contrary, the Court has set an aggressive fact discovery deadline of August 2025.
3        Moreover, a stay is not justified here. The only reason Defendant has identified for a stay is
4  that there is a pending motion to dismiss. But the Federal Rules do not contemplate a discovery stay
5  every time a defendant files a motion to dismiss, and courts regularly refuse stays despite pending
6  motions to dismiss. *E.g.*, *Torliatt v. Ocwen Loan Serv'ng, LLC*, 2020 U.S. Dist. LEXIS 44056, at *2
7  (N.D. Cal. Mar. 13, 2020) ("In support of their motion to stay, defendants simply reassert arguments
8  from their motion to dismiss and contend that there is a strong likelihood that their motion will be
9  dispositive. This is not sufficient good cause to stay discovery pending resolution of their motion to
10 dismiss."); *Barrett v. Apple*, 2020 U.S. Dist. LEXIS 196729, at *4-5 (N.D. Cal. Oct. 22, 2020)
11 (denying motion to stay discovery pending motion to dismiss and noting that "[t]he mere filing of a
12 motion to dismiss is not ordinarily sufficient to stop the discovery process"). It is Defendant's burden
13 to convince the Court that a stay is warranted, and Defendant has not yet made any attempt to meet
14 that burden (for example, Defendant has not moved for a stay). Finally, and although the Court is not
15 required to assess the merits of Defendant's motion to dismiss for resolution of this motion to
16 compel, Defendant's motion to dismiss is meritless and should be denied for the reasons given in
17 Plaintiff's opposition. Staying discovery for a meritless motion to dismiss serves no benefits and will
18 only delay justice and this litigation.
19       <u>Defendant's "vague and ambiguous" objections.</u>
20       In response to every document request, every interrogatory, and one request for admission,
21 Defendant objects to the request as "vague and ambiguous." For some of these requests, Defendant
22 does not explain what is vague or ambiguous about the request at all in its responses. (*See* RFP 1.)
23       For other requests, Defendant objects that certain ordinary and commonly used words or
24 phrases are "vague and ambiguous." These words include:
25 • "purchase" (RFA 1);
26 • "concerning" (RFP 2);
27 • "price" (RFP 3);
28 • "decision relating to when to disclose [the amount a customer would be charged in fees or the

Plaintiff's Statement re:
Discovery Disagreement       5       Case No. 2:24-CV-01983-DAD-AC

1 total price charged to customers]" (RFP 4-5);
2 - "any laws" (RFP 6-7);
3 - "reasons" (RFP 9);
4 - "[consumer] purchasing behavior" (RFP 12);
5 - "policy" (RFP 13);
6 - "orders placed by Class Members" (RFP 15);
7 - "revenue," "costs," and "profits" (RFP 16-17);
8 - "financial statement" (RFP 18);
9 - "returns" and "returns policy" (RFP 19-21);
10 - "consumer(s)" (RFP 20-23, Rog 4);
11 - "compensation" (RFP 21);
12 - "communications" (RFP 26).

For other requests, Defendant objects that terms are "vague and ambiguous" despite them being defined in Plaintiff's requests or being obvious in the context of the case. These include:

- "fees" (RFA 1, RFP 4, RFP 8-11, RFP 13-14, RFP 20, RFP 22-25, Rog 1-2) (defined in the requests as "service and delivery fees," *see* Exs. A, C, E);
- "Class Members" (RFP 14-15) (defined in the requests as Plaintiff and members of the proposed Class as defined in the Complaint);
- "proposed Class" (Rog 5) (defined in the Complaint);
- "drip pricing" (RFP 7, RFP 12, Rog 3) (defined and discussed throughout Plaintiff's Complaint);
- "Checkout Flow" (RFP 3, RFP 6, RFP 8, Rog 1) (defined in the requests as "the process through which a customer completes a purchase on Your Website, including but not limited to selecting tickets, entering payment information, and placing the order.");
- "Product(s)" (RFP 3, RFP 11, RFP 14, RFP 20, RFP 21, Rog 4) (defined in the requests as "ticket or tickets you sell to customers through Your Website.").[1]

---

[1] Defendant also objects to the term "real impact" in RFP 12. The request asks for "Each

Despite Plaintiff's request in her January 7 discovery letter that Defendant explain what about any of these terms are vague and ambiguous, Defendant has not done so. These objections are no basis for wholesale refusal to produce any documents or respond to any interrogatories or request for admission and should be overruled.

<u>Defendant's "disclosure of confidential or proprietary information" objections.</u>

Defendant objected to every document request and every interrogatory "to the extent [it] seeks improper disclosure of confidential or proprietary information." Defendant cannot avoid its discovery obligations by claiming that every document and all information about the case is confidential or proprietary. *See Harper v. Blazo*, 2019 U.S. Dist. LEXIS 140231, at *27 (E.D. Cal. Aug. 16, 2019) ("Defendant may not legally withhold documents from discovery on the basis of confidentiality. Instead, he must move the Court for a protective order."). In any event, in an attempt to address Defendant's concern, Plaintiff proposed that the Parties agree to a stipulated protective order that would protect any confidential or proprietary information throughout discovery. Plaintiff circulated a proposed draft of the stipulated protective order and asked for Defendant's edits on January 3, 2025. The Parties discussed the proposed protective order over videoconference on January 7, and Defendant's counsel said he agreed that the Parties should submit a stipulated protective order and agreed to send over any proposed edits or sign off on the draft Plaintiff provided. Plaintiff followed up on the proposed protective order by email on January 15, January 20, January 24, and January 31. The Parties discussed the proposed protective order over videoconference again on February 3. Defendant has not signed off on the proposed protective order, has not suggested and edits to the protective order, and has not given any indication of when it will do either.

Defendant has refused to produce documents or respond to interrogatories because there is no protective order in place, yet has stonewalled all attempts by Plaintiff to get a protective order in place. This is improper. Defendant's objections based on confidentiality should be overruled.

---

document that . . . concerns the potential or real impact of drip pricing has on consumer purchasing behavior." In context, "real impact" is contrasted with "potential impact" and means the effect of drip pricing on consumer purchasing behavior.

Plaintiff's Statement re:
Discovery Disagreement                          7                      Case No. 2:24-CV-01983-DAD-AC

Defendant's boilerplate burden and breadth objections.

Defendant objects to every document request and every interrogatory on the basis that the request is unduly burdensome and/or overbroad. Defendant makes no effort to identify the burden it claims is created by any request, nor has Defendant attempted to explain why the scope of the request is not justified given the issues in the case, despite Plaintiff's request that it do so in her January 7 discovery letter. Defendant's boilerplate objections are improper and insufficient to preserve Defendant's objections. *See Vietnam Veterans of Am. v. CIA*, 2010 U.S. Dist. LEXIS 143865, at *15 (N.D. Cal. Nov. 12, 2010) ("[O]rdering Defendants to further clarify, support, and explain their [boilerplate] objections."); *Medina v. UPS*, 2007 U.S. Dist. LEXIS 32810, at *4-5 (N.D. Cal. Apr. 19, 2007) (sanctioning lawyer whose "boilerplate objections were inappropriate" and "patently insufficient"); *Herrera v. AllianceOne Receivable Mgmt.*, No. 14-CV-1844-BTM (WVG), 2016 U.S. Dist. LEXIS 40474, at *7 (S.D. Cal. Mar. 28, 2016) ("Where the responding party provides a boilerplate or generalized objection, the 'objections are inadequate and tantamount to not making any objection at all.'"); *Dolarian Capital, Inc*. v. SOC, LLC, No. 1: 11-cv-0031-LJO-BAM, 2012 U.S. Dist. LEXIS 130275, at *3 (E.D. Cal. Sep. 12, 2012) ("Generic, boilerplate objections to discovery are not sufficient."); *Hall v. Marriott Int'l, Inc.*, 2021 U.S. Dist. LEXIS 90870, at *27 (S.D. Cal. May 12, 2021) ("Furthermore, 'boiler plate objections that a request for discovery is overbroad and unduly burdensome . . . are improper unless based on particularized facts.'" (citation omitted)). So these objections should be overruled.

Defendant's "particularity" objections.

In response to every document request, Defendant objects on the basis that the request "fail[s] to specifically describe with reasonable particularity each item or category of items to be inspected." The reasonable particularity standard requires only that "the request places a party upon 'reasonable notice of what is called for and what is not.'" *Parkside/El Centro Homeowners Ass'n v. Travelers Cas. Ins. Co. of Am.*, 2022 U.S. Dist. LEXIS 5663, at *7 (S.D. Cal. Jan. 11, 2022). "The intent of the rules is to give a party leeway in framing a Rule 34 request, and to prevent the party from whom documents are requested from using the particularity requirement as a vehicle to avoid discovery when the party knows what is being requested." *Obiajulu v. Rite Aid Corp.*, 2008 U.S. Dist. LEXIS

Plaintiff's Statement re:
Discovery Disagreement               8               Case No. 2:24-CV-01983-DAD-AC

135871, at *9 (D. Nev. Dec. 4, 2008). This is why courts typically enforce particularity objections only where a party seeks a completely undefined set of documents, such as "all documents concerning the underlying action." *Id.* (capitalization normalized). That is not the case here, where Plaintiff specifies the types and categories of documents sought from each request.

<u>Defendant's "overly broad as to . . . time" objections.</u>

In response to every document request except for numbers 2 and 4, and every interrogatory except interrogatory number 1, Defendant objects that the requests are "overly broad as to . . . time." Many of these requests are expressly limited to the proposed class's limitations period, and so are directly tied to the relevant time period of the case. *See* RFP No. 3, 14, 15, 16, 17, 18, 21. Other requests are relevant to the case regardless of when they were created. For example, interrogatory number 3 asks Defendant to identify and describe any surveys, studies, analyses, research, or other evidence in its possession relating to whether and how drip pricing impacts consumer purchasing behavior. If Defendant has research from 2018 assessing drip pricing's impact on consumer purchasing behavior, that research and Defendant's knowledge of it is relevant to the case even if the limitations period for a customer who purchased a ticket from Defendant's website in 2018 has run.

Moreover, Plaintiff requested in her January 7 discovery letter that Defendant identify any request for which Defendant believed the proposed time period was inappropriate so that Plaintiff could consider the objection and, if necessary, propose a compromise. Defendant has not done so. These objections should be overruled.

<u>Defendant's "calls for a legal conclusion" objections.</u>

Document request numbers 6 and 7 seek documents in Defendant's possession relating to whether drip pricing or Defendant's Checkout Flow violate any laws. Defendant objects to these requests for "call[ing] for a legal conclusion." But discovery requests are not objectionable simply for relating to the application of law to fact. *E.g.*, Fed. R. Civ. P. Rule 33(a)(2); *MMGA Entertainment, Inc. v. Nat'l Prods.*, 2012 U.S. Dist. LEXIS 196275, at *4 (C.D. Cal. Apr. 12, 2012).

Moreover, the request does not require Defendant to draw any legal conclusion to respond. Rather, the request is seeking non-privileged documents already in Defendant's possession, custody, or control in which Defendant or its agents (not attorneys) have reached a conclusion about

Plaintiff's Statement re:
Discovery Disagreement                    9                    Case No. 2:24-CV-01983-DAD-AC

Defendant's Checkout Flow or drip pricing. Defendant cannot refuse to produce non-privileged documents responsive to this request and relevant to the case merely because it or its agents reached some legal conclusion in the document.

<u>Defendant's "burden of proof" objections.</u>

Document request number 6 seeks documents in Defendant's possession relating to whether Defendant's checkout flow violates any laws. Document request 12 asks for documents in Defendant's possession concerning the potential or real impact that drip pricing has on consumer purchasing behavior. Defendant objects that the requests "place[] the burden of proof on Defendant in which Plaintiff has the burden of proof." This objection is incomprehensible. It seems Defendant's position may be that it can withhold documents in which it or its agents concluded that its practices violated the law because it is Plaintiff's burden to prove that Defendant violated the law. There is no support for Defendant's position, and it makes no sense. Plaintiff can build her case using Defendant's documents. Defendant's objections should be overruled.

<u>Defendant's "compound" objections.</u>

Defendant objects to document requests 8, 10-14, 16, and 20-22 as "compound." But "compound" is not a proper objection to document requests. *See Brevoort v. G4S Secure Sols. USA Inc.*, 2022 U.S. Dist. LEXIS 137704, at *15 (C.D. Cal. June 21, 2022) ("[W]hile this *may* be a legitimate objection to an *interrogatory*, [Plaintiff] has propounded requests for production of *documents* pursuant to Rule 34, not interrogatories."). Moreover, none of these requests are compound.

Defendant also objects to interrogatory numbers 1 and 4 as compound. To determine whether an interrogatory is compound, courts look to whether "the subparts '. . . are logically or factually subsumed within and necessarily related to the primary question.'" *Chapman v. Cal. Dept. of Educ.*, 2002 U.S. Dist. LEXIS 29245, at *5 (N.D. Cal. Feb. 6, 2002) (ellipses in original) (quoting *Safeco of Am. v. Rawstron*, 181 F.R.D. 441, 445 (C.D. Cal. 1998)). To the extent either interrogatory has subparts, the subparts are all logically subsumed within and relate to one primary question. For interrogatory number 1, the question is the design of Defendant's checkout flow during the limitations period. For interrogatory number 4, the question is the structure of Defendant's return

policy. Thus, neither request is compound and Defendant's objections should be overruled.

<u>Defendant's "third party privacy" objections.</u>

Defendant objects to document request numbers 14-18, 20-26 and interrogatory numbers 1, 3-5 on the basis of "third party privacy." This objection is meritless. First, Plaintiff has proposed a stipulated protective order that would protect potentially sensitive third-party information. Defendant has chosen thus far to ignore Plaintiff's attempts to get the protective order finalized. Second, none of the requests seek sensitive third-party information. For example, document request 14 asks for certain information about orders on Defendant's website by proposed class members, but does not seek any personal identifying information. Other requests, like document request 25, seeks communications between Defendant and a government body, and so do not seek sensitive information about third parties at all. These objections should be overruled.

<u>Defendant's miscellaneous objections.</u>

In addition to the boilerplate objections addressed above, Defendant also raises a handful of one-off objections to some requests. Those are addressed below.

Document request number 11 seeks documents concerning "how consumers perceive, understand, or interpret your fees." Defendant objects that Defendant "cannot and does not have knowledge of what consumers 'perceive, understand, or interpret.'" This is improper. It is not unusual for customers to share their understandings, interpretations, or perceptions with a company they are dealing with. These communications from customers often come in the form of complaints or reviews online or interactions with a company's customer service department. For instance, if a customer sent an email to Defendant's customer support team explaining that the customer had no idea Defendant was charging hundreds of dollars in "service" and "delivery" fees until after the transaction was complete, that email would be responsive and discoverable. If Defendant performs a reasonably diligent search and finds no such documents exist, then Defendant can say so. But Defendant cannot object to this request without even trying to find responsive documents.

Document request numbers 19, 20, and 21 seek information about Defendant's returns policy.

Defendant objects that its returns policy is publicly available.[2] Courts regularly reject this objection. "The Federal Rules do not shield publicly available documents from discovery merely because of their accessibility. . . . A system that would require litigants to divine from an ever-increasing universe of publicly data what their opponents *might* use to support their claims is hardly 'fair' and it is certainly not just." *Nat-Immunogenics Corp. v. Newport Trial Grp.*, 2017 U.S. Dist. LEXIS 223745, at *19-20 (C.D. Cal. Nov. 15, 2017) (quoting *Shatsky v. Syrian Arab Republic*, 312 F.R.D. 219, 223-24 (D.D.C. 2015)). The Court should do the same here.

*       *       *

In sum, Defendant wholesale refused to respond to Plaintiff's discovery requests on the basis of unjustified and boilerplate objections. Despite Plaintiff's request in her January 7 discovery letter, Defendant has not provided any additional detail or basis for any of its objections, and Defendant has refused to engage with Plaintiff on discovery, including on reaching agreement on a stipulated protective order. Each of Defendant's objections should be overruled and Defendant should be ordered to respond in full to each of Plaintiff's requests and interrogatories.[3]

---

[2] Defendant simultaneously objects that document request number 20 is publicly available and that it seeks information of third parties which may be protected by third party privacy. Neither objection has merit, but Defendant's objections are also incompatible.

[3] Defendant also objects to every document request and interrogatory numbers 1, 4, and 5 as "seek[ing] information protected by attorney-client privilege and/or the attorney work product doctrine." Defendant has not identified any purportedly privileged or otherwise undiscoverable documents. But Plaintiff is not seeking any documents protected by the attorney-client privilege or attorney-work-product doctrine, so Plaintiff does not believe this objection is in dispute.

| | |
|---|---|
| Dated: February 20, 2025 | Respectfully submitted,<br><br>By: */s/ Martin Brenner*<br>Simon Franzini (Cal. Bar No. 287631)<br>simon@dovel.com<br>Martin Brenner (Cal. Bar No. 333540)<br>martin@dovel.com<br>DOVEL & LUNER, LLP<br>201 Santa Monica Blvd., Suite 600<br>Santa Monica, California 90401<br>Telephone: (310) 656-7066<br>Facsimile: (310) 656-7069<br><br>*Attorneys for Plaintiff* |