UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTINA HERNANDEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EVENT TICKETS CENTER, INC.,<br><br>Defendant. | No. 2:24-cv-01983 DAD AC<br><br><br><br>ORDER |

This matter is before the court on plaintiff's motion to compel. ECF No. 22. This discovery motion was referred to the magistrate judge pursuant to E.D. Cal. R. 302(c)(1). The parties submitted the required joint statement. ECF No. 25. The motion was taken under submission. ECF No. 23. For the reasons set forth below, the motion to compel is GRANTED.

## I. Relevant Background

Plaintiff filed this putative class action on July 18, 2024. ECF No. 1. Plaintiff alleges that defendant, an online secondary ticket marketplace where consumers purchase and resell tickets to national and local events, used a practice known as "drip pricing" and hidden fees to mislead consumers. ECF No. 1 at 4. Plaintiff contends defendant is in violation of California's False

1

Advertising Law, Bus. & Prof. Code §§ 17500 *et. seq.*, California's Consumer Legal Remedies Act ("CLRA"), California's Unfair Competition Law ("UCL"), and breach of Quasi-Contract. Id. at 14-18.

Defendant filed a motion to dismiss that became ripe on November 18, 2024. ECF No. 10. That motion remains pending. A scheduling order was issued on November 14, 2024, setting a fact discovery deadline of August 14, 2025. ECF No. 15. Plaintiff filed a motion to amend the complaint on January 31, 2025. ECF No. 19. That motion remains pending. On February 20, 2025, plaintiff moved to compel discovery. ECF No. 22.

## II.    Motion to Compel

Plaintiff requests an order compelling defendant to serve supplemental interrogatory responses, supplemental responses to requests for production of documents, a supplemental response to request for admission number 1, and for defendant to produce non-privileged documents responsive to plaintiff's requests for production of documents. ECF No. 22-9. Defendant argues that discovery in this case should be stayed pending the resolution of its motion to dismiss, that the requested discovery contains proprietary and confidential information, and stands on various of objections. ECF No. 25 at 12-19.

A. Applicable Legal Standards

The scope of discovery in federal cases is governed by Federal Rule of Civil Procedure 26(b)(1). The current Rule states:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in

determining the action.  Fed. R. Evid. 401.  Relevancy to the subject matter of the litigation "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978).  Relevance, however, does not establish discoverability; in 2015, a proportionality requirement was added to Rule 26.  Under the amended Rule 26, relevance alone will not justify discovery; discovery must also be proportional to the needs of the case.

With respect to depositions, Rule 30(d)(1) provides that absent a stipulation or order from the court, a deposition is limited to one day of seven hours.  Fed. R. Civ. P. 30(d)(1).  "A party seeking a court order to extend the examination must show 'good cause' to justify such an order." Bos. Sci. Corp. v. Cordis Corp., No. 03-CV-5669 JW (RS), 2004 WL 1945643, at *2, 2004 U.S. Dist. LEXIS 18098 (N.D. Cal. Sept. 1, 2004) (internal citation omitted).  "Considerations relevant to the granting of an extension of time include the need for additional time for full exploration of the theories upon which the witness relies, or where new information comes to light triggering questions that the discovering party would not have thought to ask at the first deposition." Id.

B.  Discovery Will Not be Stayed Pending the Motion to Dismiss

District courts exercise "wide discretion in controlling discovery." Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988).  The court has broad discretion to stay proceedings as an incident to its power to control its docket. Clinton v. Jones, 520 U.S. 681, 706 (1997); see Lockyer v. Mirant Corp., 398 F.3d 1098, 1109 (9th Cir. 2005) (stating power to stay proceedings is incidental to power inherent in court to control cases with economy for itself, counsel and litigants)).  The ordinary course of litigation is for discovery to proceed in the face of a pending dispositive motion, and courts do not favor blanket stays of discovery because "delaying or prolonging discovery can create unnecessary litigation expenses and case management problems." Salazar v. Honest Tea, Inc., 2015 U.S. Dist. LEXIS 146357 at *4, 2015 WL 6537813 at *1 (E.D. Cal. 2015) (citation omitted).  On the other hand, a stay of discovery pending the resolution a potentially dispositive motion furthers the goal of efficiency for the courts and the litigants.  See, e.g., Little, 863 F.2d at 685.

Courts in the Ninth Circuit often employ a two-part test to determine if delaying discovery is appropriate: (1) whether the pending motion is potentially dispositive of the case, or at least would render unnecessary the discovery at issue; and (2) the pending motion can be decided absent additional discovery. Salazar, 2015 U.S. Dist. LEXIS 146357 at *4, 2015 WL 6537813 at *2. The first prong is not satisfied if disposition of the motion would likely involve leave to amend. See, e.g., Mlejnecky v. Olympus Imaging Am., Inc., 2011 U.S. Dist. LEXIS 16128 at *32, 2011 WL 489743 at *9 (E.D. Cal. Feb. 7, 2011) (finding a pending motion to dismiss not dispositive of the case where the Magistrate Judge anticipated that, even if the motion were granted, the District Judge would grant leave to amend). "In applying the two-factor test, the court deciding the motion to stay must take a 'preliminary peek' at the merits of the pending dispositive motion to assess whether a stay is warranted." Yamasaki v. Zicam LLC, No. 21-CV-02596-HSG, 2021 U.S. Dist. LEXIS 157156, 2021 WL 3675214, at *1 (N.D. Cal. Aug. 19, 2021) (citation omitted).

In deciding whether to stay discovery pending the outcome of a dispositive motion, the court considers factors including: "'[T]he type of motion and whether it is a challenge as a 'matter of law' or the 'sufficiency' of the allegations; the nature and complexity of the action; whether counterclaims and/or cross-claims have been interposed; whether some or all of the defendants join in the request for a stay; the posture or stage of the litigation; the expected extent of the discovery in light of the number of parties and complexity of the issues in the case; and any other relevant circumstances.'" Skellerup Industries Limited v. City of Los Angeles, 163 F.R.D. 598, 601 (C.D. Cal. 1995) (quoting Hachette Distribution, Inc. v. Hudson County News Company, 136 F.R.D. 356, 358 (E.D.N.Y. 1991)). The court must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and eliminate the need for the discovery. Salazar, 2015 U.S. Dist. LEXIS 146357 at *4, 2015 WL 6537813 at *2 (citations omitted).

Here the undersigned first considers the two-factor test. It is apparent that the pending motion is potentially dispositive of the case and does not itself depend on any discovery. However, the motion is disputed, and a "preliminary peek" does not clearly indicate that the

4

motion is likely to succeed. Further, there is a pending motion to amend, ECF No. 19, which further counsels against a stay.

Turning to the circumstances identified in Skellerup, supra, the court considers first the type of dispositive motion at issue. The motion to dismiss is predicated on the argument that this case must be dismissed under the "first to file" rule, because it is similar to an earlier-filed class action. ECF No. 10. This is not a motion that is likely to be decided purely as a matter of law because, as the court noted above, plaintiff disputes the motion, arguing that this case is factually distinct from the earlier filed case, and has also filed a motion to amend. ECF Nos. 13, 18. The motion's complexity and the possibility of leave to amend disfavor a stay of discovery. As to the nature and complexity of the action itself, this case is a putative class action that may ultimately involve extensive discovery. However, defendant's only articulated harm is the costs of responding to discovery. ECF No. 25 at 13. The court finds that this is not a sufficiently particularized or unique harm to support a discovery stay where it would not otherwise be warranted. Further, there is no indication that defendant has attempted to meet and confer regarding managing the discovery process in a manner that reduces burden yet moves the case forward. Nor does the procedural posture of this case raise any special concerns; the case is in its early phases and progression has been typical. Accordingly, the undersigned concludes that the Skellerup factors weigh in favor of proceeding with discovery in the ordinary course. As always, the parties are strongly encouraged to work cooperatively through the discovery process.

### C. The Parties Shall Enter a Stipulated Protective Order

Defendant states that it does not agree to submit a stipulated protective order in this case because of its position that discovery should be stayed. ECF No. 25 at 15. Defendant makes no argument that a stipulated protective order would not suffice to address its privacy concerns, which appear to be entirely ordinary in nature. Accordingly, the court concludes that a stipulated protective order would address defendant's privacy concerns, including objections related to the privacy of third parties, and the parties will be ordered to submit a stipulated protective order or, if they are unable to agree, opposing protective orders for the court to review and, at the court's discretion, adopt.

D.  <u>Defendant shall Supplement its Responses</u>

The court has reviewed the discovery at issue and defendant's objections.  Because the court will order the entry of a protective order, all privacy related objections are overruled.  As to objections related to attorney client privilege or attorney work product, defendant is of course not required to disclose or produce privileged information, but to properly invoke these protections, defendant must produce a privilege log.  The court addresses the remaining objections in turn.

> SPECIAL INTERROGATORY NO. 1:
>
> Describe in detail your Checkout Flow and any changes to your Checkout flow from January 21, 2020, to the present, including the dates a particular Checkout Flow was used, when a Product's price was first disclosed to a customer, when the amount a consumer would be charged in fees was first disclosed to the customer, and the reasons for any changes to the Checkout Flow.
>
> RESPONSE TO SPECIAL INTERROGRATORY NO. 1:
>
> Objection. Defendant objects on the grounds that this interrogatory is vague and ambiguous as to the terms "Checkout Flow" and "fees". Defendant objects on the grounds that the interrogatory is improperly compound, overbroad as it contains multiple subparts within the same interrogatory and is unduly burdensome. Defendant further objects that this interrogatory seeks information outside the scope of the Complaint to the extent it requests for information outside of the definition of putative class members as defined in the Plaintiff's Complaint. As such, this interrogatory is unintelligible as phrased. This interrogatory also seeks information of third parties which may be protected by third party privacy. Defendant further objects to the extent this interrogatory seeks improper disclosure of confidential or proprietary information. This interrogatory further seeks information protected by attorney-client privilege and/or the attorney work product doctrine.

ECF No. 22-3 at 3.  The objections are overruled.  The terms "Checkout Flow" and "fees" are both adequately defined in the definitions section of the interrogatories.  The court finds the interrogatory adequately intelligible and without impermissible subparts.

> SPECIAL INTERROGATORY NO. 2:
>
> Describe in detail how you calculate, determine, or otherwise arrive at the fees you charge.
>
> RESPONSE TO SPECIAL INTERROGRATORY NO. 2:

6

|   |   |
|---|---|
| 1 | Objection. Defendant objects on the grounds that this interrogatory is vague and ambiguous as to the term "fees". Defendant further objects on the grounds that this interrogatory is overly broad as to scope and time, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence nor reasonably tailored to any particular transaction. This interrogatory is unintelligible as phrased. Defendant further objects to the extent this interrogatory seeks improper disclosure of confidential or proprietary information. |

ECF No. 22-3 at 4.  The objections are overruled.  As stated above, the term "fees" is defined. The interrogatory is phrased in the present tense and is therefore not overly broad as to time; it can be construed to apply to the state of affairs at the time of submitting the response.  The court finds the interrogatory adequately intelligible.

SPECIAL INTERROGATORY NO. 3:

Identify and describe in detail any surveys, studies, analyses, research, or other evidence in your possession relating to whether and how drip pricing impacts consumer purchasing behavior.

RESPONSE TO SPECIAL INTERROGATORY NO. 3:

Objection. Defendant objects on the grounds that this interrogatory is vague and ambiguous as to the term "drip pricing". Defendant further objects on the grounds that this interrogatory is overly broad as to scope and time, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. This interrogatory also seeks information of third parties which may be protected by third party privacy. Defendant further objects to the extent this interrogatory seeks improper disclosure of confidential or proprietary information.

ECF No. 22-3 at 5.  The court agrees with defendant that the term "drip pricing" is not defined in the interrogatories.  It is, however, adequately defined in the operative complaint, and the term is therefore not vague in the context of this case.  The objections are overruled.

SPECIAL INTERROGATORY NO. 4:

Identify and describe in detail your returns policy, including the process and procedures that govern consumer returns of your Products; how consumers are directed to return your Products (for example, whether consumers are required to call a phone number or request a return online, etc.); any restrictions on the reasons that consumers are allowed to return your Products for a refund; the length of time consumers have to return your Products; how consumers are compensated for returned items (for example, whether they are automatically given a full refund in cash or store credit, whether they have a choice between the two, etc.); and whether fees


1            are refunded to customers upon a return.

2         RESPONSE TO SPECIAL INTERROGATORY NO. 4:

           Objection. Defendant objects on the grounds that this interrogatory is vague and ambiguous as to the terms "consumers" and "Products". Defendant objects on the grounds that this interrogatory is overly broad as to scope and time, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects on the grounds that the interrogatory is improperly compound as it contains multiple subparts within the same interrogatory. This interrogatory also is unintelligible as phrased. This interrogatory also seeks information of third parties which may be protected by third party privacy. Defendant further objects to the extent this interrogatory seeks improper disclosure of confidential or proprietary information. This interrogatory further seeks information protected by attorney-client privilege and/or the attorney work product doctrine.

ECF No. 22-3 at 5. The court finds the terminology of this interrogatory not vague, nor is it overly broad as to time because it is written in the present tense and can be construed to apply to the state of affairs as of the time of drafting the response. The interrogatory is not impermissibly unintelligible or compound. The objections are overruled.

        SPECIAL INTERROGATORY NO. 5:

           If you contend the proposed Class should not be certified, identify and describe all facts that support that contention.

        RESPONSE TO SPECIAL INTERROGATORY NO. 5:

           Objection. Defendant objects on the grounds that this interrogatory is vague and ambiguous as to the term "proposed Class". Defendant objects on the grounds that this interrogatory is a premature interrogatory for pre-class certification discovery. Defendant further objects on the grounds that this interrogatory is overly broad as to scope and time, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence nor limited in time and scope. This interrogatory also seeks information of third parties which may be protected by third party privacy. Defendant further objects to the extent this interrogatory seeks improper disclosure of confidential or proprietary information. This interrogatory further seeks information protected by attorney-client privilege and/or the attorney work product doctrine.

ECF No. 22-3 at 6. Discovery has not been bifurcated in this case and this interrogatory is therefore not premature. The proposed class is adequately defined in the operative complaint. The objections are overruled.


With respect to plaintiff's 26 requests for production, defendant provides largely boilerplate objections without producing any documents. ECF No. 22-5. The court will not address these objections one by one. Defendant is ordered to adequately respond to the requests for production with this ruling in mind. This order does not preclude defendant from raising particularized, thoughtful objections to specific requests for production or from making a claim of privilege with a proper privilege log.

Finally, plaintiff's request for admission 1 and defendant's response read as follows:

> REQUEST FOR ADMISSION NO. 1:
>
> Admit that you charged fees on every purchase from Your Website from January 21, 2020, to March 1, 2024.
>
> RESPONSE TO REQUEST FOR ADMISSION NO. 1:
>
> Objection. This request is vague and ambiguous as to the terms "fees" and "purchase". This request is unintelligible as phrased. Subject to and without waiving these objections, Defendant responds as follows: Given the vague and ambiguous nature of the request, Defendant cannot admit or deny the request as phrased.

The objection is overruled. The term "fees" is defined by plaintiff in the requests' definition section as "service and delivery fees added to a transaction." This is adequately clear. The objection is overruled.

### III.   Conclusion

Plaintiff's motion to compel (ECF No. 22) is GRANTED and defendant is ORDERED to provide supplemental responses to the plaintiff's interrogatories, request for admission, and requests for production in compliance with this order within 21 days. Additionally, the parties are ORDERED to submit a stipulated protective order for the court's signature within 7 days. If the parties are unable to reach an agreement on a stipulated protective order, they may submit competing versions along with a 2-page joint statement explaining their inability to agree.

IT IS SO ORDERED.

DATED: March 31, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE