UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTINA HERNANDEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>EVENT TICKETS CENTER, INC.,<br><br>    Defendant. | No. 2:24-cv-01983-DAD-AC<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS OR STAY THIS ACTION AND GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT<br><br>(Doc. Nos. 10, 19) |

This matter is before the court on defendant's motion to dismiss or stay this action based on the first-to-file rule and plaintiff's motion for leave to amend her complaint. (Doc. Nos. 10, 19.) The pending motions were taken under submission to be decided on the papers pursuant to Local Rule 230(g). (Doc. Nos. 12, 24.) For the reasons explained below, the court will deny defendant's motion to dismiss and grant plaintiff's motion for leave to file her proposed first amended complaint.

## BACKGROUND

**A.**    **The Instant Action**

On July 19, 2024, plaintiff Kristina Hernandez filed a putative class action against defendant Event Tickets Center, Inc. (Doc. No. 1.) On January 31, 2025, plaintiff filed a

1

proposed first amended complaint. (Doc. No. 19-1 at 4–25.) In both the original complaint and proposed first amended complaint plaintiff alleges as follows.

"For years, [d]efendant sold tickets online using drip pricing and hidden fees—advertising one price for the ticket, only to tack on mandatory fees at the very end." (Doc. Nos. 1 at ¶ 3; 19-1 at ¶ 3.) "The hidden fees were only disclosed in the fine print, in small, gray font." (*Id.*) "Thus, customers missed the fees, and were unaware that they were paying substantial fees." (*Id.*)

On October 11, 2024, defendant filed the pending motion to dismiss or stay this action. (Doc. No. 10.) On November 8, 2024, plaintiff filed her opposition to the motion to dismiss or stay, and on November 25, 2024, defendant filed its reply thereto. (Doc. Nos. 13, 18.) On January 31, 2025, plaintiff filed the pending motion for leave to amend her complaint. (Doc. No. 19.) On February 14, 2025, defendant filed its opposition to the motion for leave to amend, and on February 19, 2025, plaintiff filed her reply thereto. (Doc. Nos. 20, 21.)

**B.**     ***Gershzon* Action**

On July 9, 2024, the plaintiff Mikhail Gershzon filed a putative class action complaint against the defendant Event Tickets Center, Inc. in the United States District Court for the Northern District of California. (Doc. No. 10-2 at 26.)[1]

In *Gershzon*, the plaintiff alleges that the "[d]efendant leads consumers . . . to believe that they are visiting the actual ticket site for the venue where the event is taking place." (*Id.* at 27.) The "[d]efendant further entices them to purchase tickets by misrepresenting that the tickets are

---

[1] Defendant requests judicial notice of: 1) the original complaint filed in this action; 2) Mikhail Gershzon's complaint against defendant filed on July 9, 2024, in the Northern District of California, No. 3:24-cv-04142-AGT; and 3) defendant's answer to Mikhail Gershzon's complaint in the *Gershzon* action filed on September 30, 2024. (Doc. No. 10-3 at 2.) The court denies defendant's request for judicial notice of the complaint in this action because taking judicial notice of documents already filed in this case is unnecessary. *Clee v. Benson Indus., Inc.*, No. 2:24-cv-01529-DAD-AC, 2024 WL 4462337, at *2 (E.D. Cal. Sept. 30, 2024) ("The court denies these requests because it is unnecessary to take judicial notice of documents already filed in the docket for this action."). The court grants defendant's request for judicial notice of the complaint and answer in the *Gershzon* action because the *Gershzon* action is directly relevant to the question of whether the first-to-file rule applies. *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007) (noting that a court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue").

2

1  limited or almost sold out when such statements are false." (*Id.*)  "These misrepresentations
2  enable [the d]efendant to charge consumers hefty premium prices for the tickets, far more than
3  the consumer would pay if they were purchasing from the actual site for the venue." (*Id.*)  "In
4  many instances, the tickets that [the d]efendant 'sells' are counterfeit or are never actually
5  provided." (*Id.*)
6        In a section of the *Gershzon* complaint titled consumer complaints, the plaintiff includes
7  lengthy, unbroken direct quotes from consumer reviews posted online.  One of those reviews
8  states that "'[t]hey add on a ton of fee's *** [sic] don't realize and they make you think they are
9  the "actual real seller" of the events being sold.'"  (*Id.* at 31.)  Another states "'[t]his site is awful
10 and Service fee is extremely high over 32% the price of my ticket.'"  (*Id.* at 32.)  The review goes
11 on to complaint that "'[i]t is a scam and somehow when you search Event Tickets pops up first
12 and finding true website to buy tickets direct is extremely difficult.'"  (*Id.*)
13       **LEGAL STANDARD**
14 **A.   First-to-File Rule**
15       "The first-to-file rule allows a district court to [dismiss, transfer, or] stay proceedings if a
16 similar case with substantially similar issues and parties was previously filed in another district."
17 *Kohn Law Grp. v. Auto Parts Mfg. Miss.*, 787 F.3d 1237, 1239 (9th Cir. 2015).  The first-to-file
18 rule "is a generally recognized doctrine of federal comity . . . ." *Pacesetter Sys., Inc. v.*
19 *Medtronic, Inc.*, 678 F.2d 93, 94 (9th Cir. 1982).  The rule is "designed to avoid placing an
20 unnecessary burden on the federal judiciary, and to avoid the embarrassment of conflicting
21 judgments." *Church of Scientology of Cal. v. U.S. Dep't of Army*, 611 F.2d 738, 750 (9th Cir.
22 1979), *overruled on other grounds by Animal Legal Def. Fund v. U.S. Food & Drug Admin.*, 836
23 F.3d 987 (9th Cir. 2016).
24 **B.   Leave to Amend**
25       "A party may amend its pleading once as a matter of course within:  (A) 21 days after
26 serving it or (B) if the pleading is one to which a responsive pleading is required, 21 days after
27 service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f),
28 /////

3

1    whichever is earlier." Fed. R. Civ. P. 15(a).  Otherwise, a party must seek leave of court to

2    amend a pleading or receive the opposing party's written consent.  *Id.*

3          The Federal Rules of Civil Procedure provide that leave to amend pleadings "shall be

4    freely given when justice so requires."  *Id.*  Nevertheless, leave to amend need not be granted

5    when the amendment:  (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces

6    an undue delay in litigation; or (4) is futile.  *See AmerisourceBergen Corp. v. Dialysist W. Inc.*,

7    465 F.3d 946, 951 (9th Cir. 2006) (citing *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999)).

8    "Prejudice to the opposing party is the most important factor."  *Jackson v. Bank of Haw.*, 902

9    F.3d 1385, 1397 (9th Cir. 1990) (citing *Zenith Radio Corp. v. Hazeltine Rsch., Inc.*, 401 U.S. 321,

10   330–31 (1971)).  "The party opposing leave to amend bears the burden of showing prejudice."

11   *Serpa v. SBC Telecomms.*, 318 F. Supp. 2d 865, 870 (N.D. Cal. 2004) (citing *DCD Programs,*

12   *Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987)).

13         **ANALYSIS**

14   **A.    First-to-File**

15         To determine whether the first-to-file rule applies, the "court analyzes three factors:

16   chronology of the lawsuits, similarity of the parties, and similarity of the issues."  *Kohn Law*

17   *Grp., Inc.*, 787 F.3d at 1240.  "If the action meets all three threshold requirements, the court may

18   exercise its discretion to transfer, stay, or dismiss the action."  *Trevino v. Golden State FC, LLC*,

19   No. 1:18-cv-00120-DAD-BAM, 2019 WL 2710662, at *5 (E.D. Cal. June 28, 2019) (citation

20   omitted).

21         The court first turns to the similarity of the issues requirement.  In its pending motion,

22   defendant argues that plaintiff in the instant action and the *Gershzon* plaintiff bring claims under

23   largely overlapping statutes.  (Doc. No. 10-1 at 7–8.)  Defendant further argues that both cases

24   involve allegations of hidden fees.  (*Id.* at 9.)  Finally, defendant argues that both cases allege that

25   defendant deceives customers into paying more for tickets.  (*Id.* at 8.)

26         In her opposition, plaintiff responds that substantial similarity of the issues is concerned

27   with overlapping facts rather than overlapping statutes.  (Doc. No. 13 at 9.)  Plaintiff further

28   argues that the *Gershzon* complaint mentions defendant's fees only incidentally when quoting

4

complaints made by defendant's customers found online. (*Id.* at 10.)  Finally, plaintiff argues that essentially every consumer protection case will allege that some misrepresentation on defendant's part caused consumers to be deceived and pay more, and that superficial similarities common to almost all consumer protection cases do not qualify as substantially similar issues. (*Id.* at 9–10.)

The court first turns to defendant's argument that the two actions involve substantially similar issues because the *claims* brought in the two actions largely overlap.  In this regard, defendant misstates the law.  "When analyzing whether issues are substantially similar, a court considers if the common *facts*, taken together, would lead to the same central question between the cases." *Murphy v. Sprint/United Mgmt. Co.*, No. 2:20-cv-00507-TLN-DB, 2021 WL 5853579, at *8 (E.D. Cal. Dec. 9, 2021) (emphasis added); *see also Bates-Ferreira v. Swedish Match N. Am., LLC*, No. 2:24-cv-00987-TLN-CKD, 2025 WL 950506, at *4 (E.D. Cal. Mar. 28, 2025) ("Generally, courts in this circuit, including this Court, look to the facts alleged rather than the specific claims pleaded.").  Therefore, the similarity between the claims brought in the two actions is not persuasive on the question of whether the first-to-file rule applies.

Next, the court turns to defendant's argument that the two actions involve substantially similar issues because both complaints include allegations regarding disclosure of fees.  The court agrees with defendant that in the instant case, plaintiff alleges that defendant hid mandatory fees by failing to disclose them until the very end of the checkout process, and even then, in small gray font. (Doc. Nos. 1 at ¶ 3; 19-1 at ¶ 3.)  The question then is whether the complaint in *Gershzon* also includes allegations regarding hidden fees that might give rise to common questions.  In a section of the *Gershzon* complaint titled consumer complaints, the plaintiff includes lengthy, unbroken direct quotes from consumer reviews posted online.  Each customer review includes personal stories that support the allegations discussed previously.  They also include extraneous details.  The context of the sparse allegations regarding hidden fees in *Gershzon* reveal that they are irrelevant and extraneous to the plaintiff's case in that action and are included only for the sake of preserving unbroken quotes of online customer complaints. (Doc. No. 10-2 at 31–32.)  Therefore, they cannot give rise to common questions.

/////

Finally, the court turns to defendant's argument that the issues in the two actions are substantially similar because both complaints allege defendant deceived customers into paying more for tickets. In the instant case, plaintiff alleges that defendant deceived customers by "advertising one price for the ticket, only to take on mandatory fees at the very end." (Doc. Nos. 1 at ¶ 3; 19-1 at ¶ 3.) "The hidden fees were only disclosed in the fine print, in small, gray font." (*Id.*) "Thus, customers missed the fees, and were unaware that they were paying substantial fees." (*Id.*) By contrast, in *Gershzon*, the plaintiff alleges that the "[d]efendant leads consumers . . . to believe that they are visiting the actual ticket site for the venue where the event is taking place." (Doc. No. 10-2 at 27.) The "[d]efendant further entices them to purchase tickets by misrepresenting that the tickets are limited or almost sold out when such statements are false." (*Id.*) "These misrepresentations enable [the d]efendant to charge consumers hefty premium prices for the tickets, far more than the consumer would pay if they were purchasing from the actual site for the venue." (*Id.*) "In many instances, the tickets that [the d]efendant 'sells' are counterfeit or are never actually provided." (*Id.*) In sum, both cases allege that defendant deceived customers, and as a result the respective plaintiff paid more for tickets, but the alleged deceptions are clearly distinct.

Defendant has not cited to any case where a court has painted with so broad a brush, nor has the court found any. Instead, where courts have determined that false advertising cases involved substantially similar issues, the alleged deceptions have not differed. *Bates-Ferreira*, 2025 WL 950506, at *1, 5 (finding substantially similar issues where both cases concern liability for improperly marketing ZYN products as healthy or not harmful); *Iglesias v. Ariz. Beverages USA, LLC*, No. 22-cv-09108-JSW, 2023 WL 6795416, at *5 (N.D. Cal. Oct. 13, 2023) (finding substantially similar issues where both cases allege reliance on statements on the label that the beverages were "all natural"); *Wallerstein v. Dole Fresh Vegetables, Inc.*, 967 F. Supp. 2d 1289, 1297 (N.D. Cal. 2013) ("The Court agrees with Dole that the thrust of the lawsuits is identical— both plaintiffs complain that the same ten Salad Kits are deceptively labeled as 'All Natural' because they contain the same two synthetic ingredients (xanthan gum and ascorbic acid), and allege that consumers are misled into purchasing the products."). Here, because the alleged

misrepresentations are distinct, the two cases do not concern substantially similar issues at all. *See Intuit Inc. v. H&R Block E. Enters.*, No. 06-cv-02327-RMW, 2006 WL 8462415, at *6 (N.D. Cal. July 20, 2006) ("Central to the Missouri Action is the truth or falsity of two statements regarding H&R in the No More Tax Stores ad and Intuit's reference to H&R in the ad. Conversely, central to the present action are whether the setting, mood, characters, character personalities, pace, and storyline of the No More Tax Stores ad constitute copyrighted material, whether the H&R Ad infringed, and whether statements made in the H&R Ad are false and misleading."); *Flores v. Walmart, Inc.*, No. 20-cv-00822-TJH-RAO, 2020 WL 6595208, at *1 (C.D. Cal. Sept. 29, 2020) ("Although both actions raise wage and hour claims at the same facility, the crux of *Garcia* is the legality of the AWS, whereas the crux of this action is the legality of requiring hourly employees to go through security before clocking in and after clocking out. The two matters are not substantially similar.").

Because the similarity of the issues threshold requirement is not satisfied, the court need not analyze the chronology or similarity of the parties. *Scentco, Inc. v. WeVeel, LLC*, No. 24-CV-796-MMA-MMP, 2024 WL 4520352, at *3 (S.D. Cal. Oct. 17, 2024) (finding the first-to-file rule did not apply where the chronology and similarity of the parties factors were satisfied but the issues were not substantially similar). Defendant's motion to dismiss or stay this case pursuant to the first-to-file rule will therefore be denied.

**B.     Leave to Amend**

Plaintiff seeks leave to amend her complaint to add an additional plaintiff and proposed class representative, Julie Varon. (Doc. No. 19 at 5.) Plaintiff argues amendment is to be given freely, and none of the factors that might weigh against the granting of leave to amend apply here. (*Id.* at 4–6.) Plaintiff further argues the proposed amendment would not moot defendant's fully briefed motion to dismiss. (*Id.* at 6–7.)

In its opposition, defendant argues that the proposed amendment would be futile because it would not cure the applicability of the first-to-file rule. (Doc. No. 20 at 3–4.) Defendant further argues that allowing plaintiff to amend the complaint while the motion to dismiss is pending before the court will cause undue prejudice to defendant and waste this court's judicial

7

resources because it may necessitate a successive motion to dismiss. (*Id.* at 4–5.) Specifically, defendant argues that the court may determine the complaints are not substantially similar, and defendant conducted a highly fact intensive inquiry specific to plaintiff Hernandez when analyzing whether the parties in the two actions were substantially similar. (*Id.*)

Because the court has determined that the first-to-file rule does not apply, regardless of which version of the complaint is at issue, defendant's first argument fails. (Doc. Nos. 1, 19-1.) Further, because the court's first-to-file analysis turns on issues common to the original and amended complaints, no successive motion to dismiss should be necessary.

Therefore, the court will grant plaintiff's motion for leave to amend.

## CONCLUSION

For the reasons explained above,

1. Defendant's motion to dismiss or stay this action (Doc. No. 10) is DENIED;
2. Plaintiffs' motion for leave to amend the complaint (Doc. No. 19) is GRANTED;
3. Within two (2) days from the date of entry of this order, plaintiff shall file her first amended complaint, as proposed in her motion; and
4. Defendant shall file its response to plaintiff's first amended complaint within fourteen (14) days from the date of filing of the first amended complaint.

IT IS SO ORDERED.

Dated: **April 8, 2025**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE